UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY LAMBERTI, and<br>ARMSTRONG & LAMBERTI, PLLC,<br><br>Plaintiffs,<br><br>-against-<br><br>RENE ROTHSTEIN-RUBIN,<br><br>Defendant. | Civil Case No.: 1:21-cv-3241<br><br>**COMPLAINT** |

Plaintiffs **ANTHONY LAMBERTI** (hereinafter individually referred to as "Mr. Lamberti") and **ARMSTRONG & LAMBERTI, PLLC**, (hereinafter referred to collectively with Mr. Lamberti as the "Plaintiffs") by and through attorneys **AIDALA, BERTUNA & KAMINS, P.C.,** bring this action against **RENE ROTHSTEIN- RUBIN** (hereinafter referred to as "Defendant" or "Ms. Rothstein-Rubin"). Plaintiffs allege upon knowledge concerning its own acts and upon information and belief as to all other matters:

**NATURE OF THE ACTION**

1. In May 2018, Defendant filed Petitions for the appointment of Guardians for her parents, Helen Rothstein and Martin Rothstein. Thereafter, Plaintiffs were retained by Martin Rothstein to oppose both Petitions. The case was highly contentious and ultimately no guardian was appointed on behalf of Martin Rothstein, but a temporary guardian was appointed for Helen Rothstein for the limited purpose of supervising visits between Mrs. Rothstein and her daughter, Defendant.

2. Disgruntled with the outcome of her failed Petitions to appoint guardians for her parents, Defendant maliciously took to Google to air her grievances. Defendant wrote that Mr.

Lamberti was a "***Horrible thieving good old boy lawyer***" and submitted a "one-star" review for Armstrong & Lamberti, PLLC, Mr. Lamberti's law firm and place of business, on the law firm's Google webpage. *See* **EXHIBIT A**

3. Plaintiffs bring this action to hold Defendant accountable for her defamatory conduct for which she is strictly liable as the published content constitutes defamation *per se*. Plaintiff Mr. Lamberti, and his law firm, seeks to recover damages for the serious harm to Mr. Lamberti's professional reputation, and his law firm as a business, and importantly, seeks vindication, justice, and the restoration of his good name, and the law firm in which he solely practices[1].

## THE PARTIES

4. Plaintiff Anthony Lamberti is a resident of Kings County, City and State of New York, with his principal place of business in Richmond County, City and State of New York. Plaintiff has been an upstanding member of the New York State Bar since 1991. Plaintiff is the immediate past President of the Brooklyn Bar Association. Plaintiff is also the former President of the Bay Ridge Lawyers Association, former treasurer for the Brooklyn Bar Association, and the Past Chair of Brooklyn Bar Association's Elder Law Committee. Moreover, Plaintiff has extensive knowledge and expertise in cases related to guardianship and elder law as he previously served as a Principal Law Clerk of the New York State Supreme Court, Kings County, to the Honorable Leonard Scholnick and oversaw approximately 1,500 guardianship cases. Plaintiff serves on multiple boards related to guardianship and elder law and is a frequent lecturer on these issues before bar associations and civic organizations.

---

[1] Mr. Lamberti's law firm partner, Lance P. Armstrong, is now deceased. Therefore, Mr. Lamberti is the only practicing attorney within the firm. However, Mr. Lamberti has added an Associate, admitted to the Bar in February 2020.

5. Plaintiff Armstrong & Lamberti, PLLC is a Domestic Professional Service Limited Liability Company registered in the State of New York.

6. Defendant, Renee Rothstein-Rubin, is a physician residing in the County of Montgomery in the State of Pennsylvania. She previously worked at Hahnemann University Hospital and serves as a clinical associate Professor of Medicine at Drexel University College of Medicine.

## JURISDICTION AND VENUE

7. This is an action for damages in an amount excess of the minimum jurisdictional limits of this Court.

8. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) in that Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds seventy-five thousand ($75,000), exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant as Defendant has maintained sufficient minimum contacts with New York. The parties' only dealings are in the context of the guardianship proceeding which occurred within the State of New York. When Defendant did not achieve the result she anticipated in Court, she sought revenge on Plaintiffs. By making defamatory statements about a New York resident on the Google page of a New York business, Defendant has purposely availed herself to jurisdiction in New York. Moreover, by defaming a New York resident in addition to negatively interfering and causing harm to a New York business, Defendant could have foreseen that her actions would be subject to the laws of the State of New York and consequently that Plaintiff-victim could seek remedy in this jurisdiction for the harms caused.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as the cause of action arose within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11. Mr. Rothstein, father to Defendant, had an animus relationship with his daughter. Years ago, Defendant commenced a mental hygiene warrant proceeding against her father in Florida, which ultimately was dismissed.

12. On or about May 2018, Defendant filed petitions for the appointment of guardians for her parents, Helen Rothstein and Martin Rothstein.

13. Martin Rothstein thereafter retained Plaintiffs as counsel to oppose both petitions. Plaintiff filed a Notice of Appearance and Verified Answer in both cases. Plaintiffs also filed cross-petitions on behalf of Mr. Rothstein to dismiss the petitions and seeking reimbursement of costs from Ms. Rothstein-Rubin, his daughter.

14. At some point during the proceeding, Defendant became a *pro se* litigant. During this time, Defendant arrived at her parent's home in Brooklyn, gained entry to the home, and began filming her father in a badgering manner and asking him questions about money. Mr. Rothstein requested that his daughter, Ms. Rothstein-Rubin, leave him alone.

15. On September 21, 2018, Plaintiffs determined Defendant had been harassing her father and moved to restrain and enjoin her from visiting Mr. Rothstein.

16. Mr. Rothstein had no interest in seeing his daughter. Thus, ultimately no guardian was appointed on behalf of Martin Rothstein, but a temporary guardian was appointed for Helen Rothstein for the limited purpose of supervising visits between Mrs. Rothstein and her daughter, Defendant.

17. Disgruntled with the outcome of her failed Petitions to appoint guardians for her parents, Defendant maliciously took to Google Reviews to air her grievances.

18.     Around late summer or early fall 2020, Defendant wrote that Plaintiff Mr. Lamberti was a "**Horrible thieving good old boy lawyer**" and submitted a "one-star" review for Armstrong & Lamberti, PLLC, Mr. Lamberti's law firm and place of business, and posted the same on the law firm's Google webpage. Annexed hereto as **EXHIBIT A** is the aforementioned defamatory content published by Defendant on the Plaintiffs' Google webpage.

19.     Viewing Defendant's profile on Google, it is determined that Defendant has left a total of three reviews: (1) the one described above proposing to review the law firm of Armstrong & Lamberti; (2) a review for her own medical office in Philadelphia in which she rates herself "five-stars" and commented "Smart Empathetic;" (3) a "one-star" review for another attorney, which upon information and belief is regarding an unrelated matter, submitted on or about April 2021, with the comment "*A lying thief.*" Annexed hereto as **EXHIBIT B** are the aforementioned reviews from Defendant's Google profile.

20.     Defendant has engaged in conduct constituting defamation *per se* by submitting disingenuous, false and malicious reviews and comments online, targeting Mr. Lamberti and his legal business simply because he was acting on behalf of the opposing side of Defendant in legal proceedings. The defamatory statement published by Defendant against Plaintiffs, "***Horrible thieving good old boy lawyer,***" constitutes defamation *per se*, as it is charging and accusing Plaintiff of committing a serious crime and is a statement which tends to injure the Plaintiff, and his law firm, in Plaintiff's business, trade, or profession. Defendant's pattern of defamatory conduct must stop.

# AS AND FOR A FIRST CAUSE OF ACTION
## DEFAMATION

*Defamation Per Se*

21. Defendant's defamatory statement "***Horrible thieving good old boy lawyer***" is about and concerning Plaintiff Mr. Lamberti and his law firm.

22. Defendant's defamatory statement was published to a broad audience.

23. Defendant's defamatory statement concerning Mr. Lamberti, and targeting his law firm, are false.

24. Defendant knew the defamatory statement was false at the time she made it, and she acted with reckless disregard to its truth or falsity.

25. Defendant deliberately published the defamatory statement knowing they would be disseminated to a broad audience and would harm Plaintiff's reputation and good standing.

26. Defendant acted with spite and malice when making the defamatory statement.

27. The defamatory statement falsely charges Mr. Lamberti with a serious crime and injured Plaintiff, and his law firm, in his business and profession.

28. The defamatory statement is defamatory *per se* and damages are therefore presumed.

29. The defamatory statement impacted Plaintiff in his profession, trade, and business by imputing to him dishonesty, misconduct, or unfitness, and further tarnished the reputation of his law firm, in which he solely practices.

## PRAYER FOR RELIED

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment against the Defendant and award: (a) compensatory damages; (b) punitive damages; (c) treble damages; (d) attorney's fees; (e) costs; and (f) such other and further relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable in this action.

Dated: New York, New York
      June 8, 2021

**AIDALA, BERTUNA & KAMINS, P.C.**

**BY:** _____
**IMRAN H. ANSARI**
*Attorney for Plaintiff*
546 5th Avenue, 6th Floor
New York, New York 10036
(212) 486-0011

# ATTORNEY'S VERIFICATION

IMRAN H. ANSARI, an attorney admitted to practice in the Eastern District of New York, affirms the following to be true under the penalties of perjury: I am an attorney at AIDALA BERTUNA & KAMINS, P.C., attorneys of record for Plaintiff, ANTHONY LAMBERTI and ARMSTRONG & LAMBERTI, PLLC. I have read the foregoing COMPLAINT and know the contents thereof the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
   June 8, 2021

                 _____
                 IMRAN H. ANSARI, ESQ.
                 AIDALA BERTUNA & KAMINS P.C
                 *Attorneys for Plaintiffs*
                 546 Fifth Avenue, 6th Floor.
                 New York, New York 10036
                 (212) 486-0011